UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA on behalf of and for the use and benefit of iENG, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Travelers Casualty and Surety Company of America, and Korte Construction Company d/b/a The Korte Company,<br><br>    Defendants. | Case No. 23-cv-61247 |

## COMPLAINT

Plaintiff, the United States of America, on behalf of and for the use and benefit of iENG, LLC ("iENG"), hereby files this lawsuit against Defendants, Travelers Casualty and Surety Company of America ("Travelers") and Korte Construction Company d/b/a The Korte Company ("Korte") and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action pursuant to the Miller Act (40 U.S.C. § 3131, *et seq*.) seeking payment for work performed and completed at the Navy Gateway Inn & Suites located in Key West, Florida ("the Project").

2. iENG is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. As required by the Miller Act, iENG brings its claim against the Miller Act Payment Bond in the name of the United States of America. See U.S.C. § 3133(b)(3)(A).

3. Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut and duly is authorized to engage in the business of executing surety bonds in the State of Florida. Service can be made upon its Registered Agent at 200 E. Gaines Street, Tallahassee, Florida 32399-0000.

4. Korte is a Missouri corporation with its principal place of business located at 5700 Oakland Avenue, Suite 200, Saint Louis, Missouri, 63110-1375. Service can be made upon its Registered Agent at CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

5. This Court has jurisdiction over this action under the Miller Act because Plaintiff's claim against Travelers and Korte arises out of a payment bond issued for the protection of all persons supplying labor and material in carrying out the work under a contract for the construction, alteration, or repair of a public building or public work of the United States that is located within this district. See 40 U.S.C. §§ 3131-3134.

6. Venue is proper in this Court as the Prime Contract between Korte and the United States of America, acting by and through NAVFAC Southeast, was performed and executed within the Southern District of Florida, in Key West, Florida. See 40 U.S.C. § 3133(b)(3)(B).

**FACTUAL BACKGROUND**

7. Korte and NAVFAC Southeast ("NAVFAC") entered into design-build contract number N69450-19-C-0903 (the "Prime Contract") wherein Korte agreed to furnish design and construction services, including furnishing materials and performing labor, for the Navy Gateway Inn & Suites, Naval Air Station in Key West, Florida (the "Project"). A true and correct copy of the Prime Contract is attached as Exhibit A and incorporated by reference.

8.      Korte, as principal, and Travelers, as surety, executed and delivered to the United States Payment Bond #107140854 (the "Payment Bond"), as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Prime Contract. A true and correct copy of the Payment Bond is attached as Exhibit B and incorporated by reference.

9.      On or about March 12, 2020, Korte and iENG entered into a design-build Subcontract Agreement (the "Subcontract"), by the terms of which iENG performed design and construction services, including furnishing materials and performing labor, for the Project in accordance with the Subcontract and as required for the Project under the Prime Contract between Korte and NAVFAC. A true and correct copy of the Subcontract is attached as Exhibit C and incorporated by reference.

10.     The current Subcontract amount, including approved change orders but excluding claims for additional compensation arising from changed, extra, and added work and/or delays and impacts to iENG's work, is $4,234,657.20.  To date, Korte has paid iENG $3,617,255.63 of such amount, leaving a balance of $617,401.57 due and owing to iENG under the Subcontract, exclusive of claims for additional compensation arising from changed, extra, and added work and/or delays and impacts to iENG's work.

11.     Notwithstanding iENG's demands on Korte for payment, such balance has not been paid and there is due and owing to iENG the sum of at least $617,401.57, that amount being the current Subcontract balance due for design and construction services performed, including furnishing materials and performing labor, for the Project by iENG, exclusive of claims for

additional compensation arising from changed, extra, and added work and/or delays and impacts to iENG's work, which iENG reserves its right to pursue.

12. Korte breached its Subcontract with iENG in that it failed and refused to pay iENG the money due and owed to it for design and construction services performed, including furnishing materials and performing labor, for the Project, as set forth above.

13. As a direct and proximate result of Korte's breach of the Subcontract, iENG incurred damages in the amount of at least $617,401.57, which represents the unpaid balance due and owing to iENG under the Subcontract exclusive of claims for additional compensation arising from changed, extra, and added work and/or delays and impacts to iENG's work.

14. iENG is entitled to attorney's fees pursuant to Section 15.4 of the Subcontract, which provides for the prevailing party in a suit to recover on a surety bond given by a party under the Subcontract to recover its "reasonable attorney's fees, costs, charges, and expenses incurred therein."

15. iENG substantially completed its work under the Subcontract on June 30, 2022. A period of more than 90 days has elapsed since such date, and iENG has not been paid in full for the labor performed and material furnished for prosecution of its work under the Subcontract and the Prime Contract.

16. Pursuant to the Subcontract, iENG and Korte agreed to arbitrate claims arising out of the Subcontract pursuant to the Construction Industry Rules of the American Arbitration Association and, therefore, iENG is filing an arbitration demand against Korte contemporaneously with filing this action. As set forth in the Subcontract, the agreement to arbitrate between iENG and Korte is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

17. iENG files this action to preserve its rights and remedies against the Payment Bond under the Miller Act and consents to a stay of this action under Section 3 of the Federal Arbitration Act, 9 U.S.C. §3, pending the outcome of its arbitration against Korte. A stay pending the outcome of the arbitration proceedings is proper under these circumstances. See U.S., for & on behalf of Portland Const. Co. v. Weiss Pollution Control Corp., 532 F.2d 1009, 1012-13 (5th Cir. 1976).

18. All conditions precedent for bringing and maintaining this action have been performed or have occurred or been excused or waived.

### COUNT I – CLAIM UNDER MILLER ACT PAYMENT BOND
### (40 U.S.C. §§ 3131 & 3133)

19. Paragraphs 1 through 18 are incorporated as though fully set forth herein.

20. iENG furnished labor, services, and materials to the Project in accordance with the terms and conditions of the Subcontract.

21. iENG has substantially performed all obligations required to be performed under the Subcontract, but Korte has failed or refused to pay iENG all amounts owed.

22. More than 90 days have elapsed since iENG last performed work for which this claim is made.

23. iENG now institutes this action within 1 year of the day from when iENG last furnished labor and/or materials to achieve substantial completion of iENG's work for the Project.

24. iENG is a proper claimant under the Payment Bond as iENG is an unpaid first-tier subcontractor to the prime contractor. See 40 U.S.C. §§ 3131 to 3134.

25. Korte, as principal, and Travelers, as surety, are jointly and severally liable under the Payment Bond for, at a minimum, the current unpaid balance of the Subcontract owed to iENG of $617,401.57.

26. iENG is entitled to attorney's fees under the Miller Act based on the attorney's fees provision in the Subcontract.  See U.S. for the Benefit of Southeastern Mun. Supply Co., 876 F.2d 92 (11th Cir. 1989).  Section 15.4 of the Subcontract provides for recovery of attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America, on behalf of and for the use and benefit of iENG, LLC, requests judgment against Defendants Travelers Casualty and Surety Company of America and Korte Construction Company d/b/a The Korte Company, and both of them, jointly and severally, as follows for:

(a) The current balance of the Subcontract in the amount of $617,401.57 plus prejudgment and post judgment interest;

(b) The reasonable value of labor performed and material furnished by iENG for changed, extra, and added work;

(c) Damages for delays and impacts to iENG's work;

(d) iENG's attorney's fees and costs of this action; and

(e) Such other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of June, 2023.

**VINCENT F. VACCARELLA, P.A.**
888 E. Las Olas Blvd., Suite 700
Fort Lauderdale, Florida 33301
Telephone: (305) 932-4044
Facsimile: (305) 932-4990

*Attorneys for Plaintiff IENG, LLC*
eService:    litigation@v-law.net
             mmartinez@v-law.net

By: /s/ *Vincent F. Vaccarella*
    Vincent F. Vaccarella

Fla. Bar No. 017426<br>
vincent@v-law.net<br>
Zachary L. Auspitz<br>
Fla. Bar No. 1010333<br>
zauspitz@v-law.net

7

VINCENT F. VACCARELLA, P.A.
888 E. LAS OLAS BOULEVARD, SUITE 700, Fort Lauderdale, FL 33301
TELEPHONE 305-932-4044 – FACSIMILE 305-932-4990